UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Causey and Senior Judge Clements
Argued at  Richmond, Virginia


BRADLY ELLSWORTH HICKS

MEMORANDUM OPINION* BY
v.        Record No. 1147-21-2           JUDGE ROBERT J. HUMPHREYS
AUGUST 30, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Aaron C. Forstie, Senior Assistant Public Defender, for appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Bradly Ellsworth Hicks was stopped by police while driving and his vehicle was searched

due to the odor of marijuana emanating from it.  Officers found a firearm in Hicks' vehicle, and

he was arrested for violating Code § 18.2-308.2, possession of a firearm after being adjudicated

delinquent as a juvenile at the time of the offense of a delinquent act which would be a felony if

committed by an adult.  Hicks made a motion *in limine* to suppress the evidence found in his

vehicle, which was denied, and Hicks was ultimately convicted of violating Code § 18.2-308.2.

He now appeals the circuit court's denial of his motion *in limine*.

I.  BACKGROUND

On April 25, 2019, Virginia Commonwealth University ("VCU") Police Officer Quiles

noticed a vehicle being driven without headlights.  Officer Quiles indicated that the driver,

Hicks, should pull over, which he did.  When Officer Quiles approached Hicks' vehicle, she

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

noticed the odor of marijuana was emanating from it. Officer Quiles searched the vehicle to find the origin of the marijuana odor. In the course of her search, she found a firearm underneath the driver's seat.

Hicks was subsequently arrested for possession of a firearm in violation of Code § 18.2-308.2 because he had previously been adjudicated delinquent of an offense that would have been a felony if committed by an adult. Hicks was indicted by a grand jury for the aforementioned violation.

On June 29, 2021, Hicks filed a motion *in limine* to exclude the evidence obtained from the search of his vehicle, namely, the firearm. Hicks argued that Code § 4.1-1302(A)—which prohibits stops, searches, and seizures solely on the basis of the odor of marijuana and requires the circuit court to exclude evidence discovered or obtained in violation of the statute—barred the Commonwealth from using any evidence resulting from the vehicular search. The Commonwealth conceded in the circuit court that the search of Hicks' vehicle was based solely on the odor of marijuana.

The circuit court denied Hicks' motion *in limine* to exclude the evidence that resulted from the search. The circuit court said,

> The effective date of the statute, Code § 4.1-1302, [was] July first of this year, and by its terms, the law is now that where there's a search based on, solely on, the odor of marijuana, no evidence discovered or obtained pursuant to a violation of this subsection shall be admissible in any trial. And I agree . . . the plain reading of the statute does not support retroactive application for the simple reason that this statute has not been violated. So, I'm going to deny the motion *in limine*.

The circuit court declined to decide whether Code § 4.1-1302(A) was substantive or procedural, stating, "I don't think I need to get there," and "I'm just going by the law in the books today, and it hasn't been violated."[1]

On October 8, 2021, Hicks entered a plea agreement wherein he pled guilty to possession of a firearm by a non-violent felon but preserved his ability to appeal the circuit court's denial of his motion *in limine*. The circuit court sentenced Hicks to five years' incarceration with two years and six months suspended.

This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"When challenging the denial of a motion to suppress evidence on appeal, the defendant bears the burden of establishing that reversible error occurred." *Mason v. Commonwealth*, 291 Va. 362, 367 (2016). In this case, the only issue is the circuit court's interpretation of Code § 4.1-1302(A). "With respect to issues arising from the trial court's interpretation of a statute, we apply a *de novo* standard of review." *Lopez v. Commonwealth*, 73 Va. App. 70, 77 (2021).

### B. THE INTERPANEL ACCORD DOCTRINE

Two panels of this Court have recently heard and decided appeals requiring statutory interpretation of Code § 4.1-1302(A) and its predecessor, Code § 18.2-250.1(F).[2]

---

[1] Hicks also filed a motion to suppress the evidence in which he argued that officers asked him questions without giving him his *Miranda* rights. The circuit court denied Hicks' motion to suppress on *Miranda* grounds, and he does not appeal that decision.

[2] From March 1 to June 30, 2021, Code § 18.2-250.1(F) was in effect. On July 1, 2021, the General Assembly repealed Code § 18.2-250.1(F) and enacted essentially the same statute, with nominal changes, at Code § 4.1-1302(A). *See* 2021 Va. Acts Spec. Sess. I, chs. 550-51, cls. 1, 3, 8. Namely, Code § 18.2-250.1(F) did not contain the language "and no search warrant may be issued." That language is not relevant in this case because, as in *Street v. Commonwealth*, ___ Va. App. ___ (Aug. 2, 2022), this case involves a search supported by exigent circumstances rather than a warrant.

First, in *Montgomery v. Commonwealth*, 75 Va. App. 182 (2022), this Court held that Code § 18.2-250.1(F) represents an expansion of a substantive right to be free from a search based solely on the odor of marijuana and the express intent of the legislature was only to prohibit use of evidence when the evidence is obtained in violation of that prohibition, precluding a retroactive application to searches conducted prior to the statute's enactment. *Id.* at 200. In 2018, Montgomery was pulled over by police for driving with his headlights on high beam. *Id.* at 188. When police stopped his vehicle, they smelled marijuana, and the officers searched Montgomery's car to find the source of the odor. *Id.* During the search, the officers found a backpack containing marijuana, and Montgomery was subsequently arrested and indicted for possession of marijuana with intent to distribute. *Id.* After Montgomery's arrest and indictment, Code § 18.2-250.1 was amended to include subsection F, which outlawed searches based solely on the odor of marijuana. 2020 Va. Acts. ch. 51. The amended statute read:

> F. No law-enforcement officer, as defined in § 9.1-101, may lawfully stop, search, or seize any person, place, or thing solely on the basis of the odor of marijuana and no evidence discovered or obtained pursuant to a violation of this subsection, including evidence discovered or obtained with the person's consent, shall be admissible in any trial, hearing, or other proceeding.

Following the statute's amendment, Montgomery moved to suppress the marijuana found by police, arguing that the above statute prohibited its use as evidence in a criminal trial against him. *Montgomery*, 75 Va. App. at 188. Following a hearing on May 14, 2021, the circuit court denied Montgomery's motion and he appealed that decision to this Court. *Id.* at 189.

On appeal, this Court interpreted Code § 18.2-250.1(F)—which was later repealed when Code § 4.1-1302 was enacted—to determine whether it retroactively affected the search and seizure of Montgomery's vehicle. *Id.* at 193-99. The Court found that Code § 18.2-250.1(F) did not contain statutory language clearly making the statute retroactively applicable. *Id.* at 194. The *Montgomery* Court noted that the statute's exclusionary rule only applied to evidence

discovered or obtained in *violation* of that subsection, and because the statute did not exist at the time of the search, the search was not illegal. *Id.* at 195-96. This Court held that the search rule was not purely procedural because it was an expansion of the scope of the Fourth Amendment right to be free from unreasonable searches. *Id.* at 198. This Court ultimately declined to retroactively attach new consequences to a search that had already taken place prior to the enactment of Code § 18.2-250.1(F), noting that to so do would "ignore prior precedent and drastically expand the concept of retroactively applying statutory changes to the Code of Virginia." *Id.* at 199.

Second, in *Street v. Commonwealth*, ___ Va. App. ___, ___ (Aug. 2, 2022), this Court interpreted the same statute under which Hicks' argument arises, Code § 4.1-1302(A). Code § 4.1-1302(A), the statute at issue in that case, reads as follows:

> No law-enforcement officer, as defined in § 9.1-101, may lawfully stop, search, or seize any person, place, or thing and no search warrant may be issued solely on the basis of the odor of marijuana and no evidence discovered or obtained pursuant to a violation of this subsection, including evidence discovered or obtained with the person's consent, shall be admissible in any trial, hearing, or other proceeding.

In *Street*, in November of 2019, Street was stopped by police because his vehicle's registration had expired. *Street*, ___ Va. App. at ___. While dialoguing with Street, a police officer smelled the odor of marijuana coming from his vehicle. *Id.* at ___. As a result of the odor, the officer searched the vehicle and found a firearm. *Id.* at ___. Street had a prior felony conviction and was subsequently indicted and convicted of violating Code § 18.2-308.2. *Id.* at ___. In August 2021, Street made a pretrial motion to suppress the evidence of the firearm, asserting that Code § 4.1-1302(A) made the search unlawful and rendered the firearm and Street's related statements inadmissible at trial. *Id.* at ___. The circuit court denied the motion.

On appeal, this Court noted that "[k]ey to [the] case" was that neither Code § 18.2-250.1(F) nor Code § 4.1-1302(A) were "in effect at the time of the 2019 search in which the firearm was found in the appellant's vehicle." *Id.* at ___. Like *Montgomery's* interpretation of Code § 4.1-1302(A)'s predecessor, Code § 18.2-250.1(F), *Street* held that the statute in question did not contain an express statement indicating that it was to be applied retroactively. *Id.* at ___. *Street* also held that the language in the first part of Code § 4.1-1302(A)—forbidding searches, etc. due to the odor of marijuana and forbidding admission of evidence obtained in violation of that mandate—specifically controls and limits the meaning of the phrase "any trial, hearing, or other proceeding" in the second part. *Id.* at ___. "As a result, the meaning of the phrase 'any trial, hearing, or other proceeding' applies only to the events described." *Id.* at ___. The *Street* Court concluded that, like in *Montgomery*, because the statutory prohibition on searches based solely on the odor of marijuana could not be violated before Code § 4.1-1302(A) or its predecessor took effect, "the General Assembly provided clear instruction that the accompanying exclusionary provision applies *only prospectively*." *Id.* at ___ (emphasis added). As a result of the statute's prospective application, *Street* held the circuit court did not err by denying the appellant's motion to suppress the evidence obtained a result of the search of his vehicle. *Id.* at ___.

*Street* also explicitly rejected the same argument that Hicks makes here: that Code § 4.1-1302(A) is purely procedural. Code § 1-239 does provide that "proceedings thereafter held" following a "new act of the General Assembly takes effect . . . shall conform, so far as practicable, to the laws in force at the time of such proceedings." *Id.* at ___ (quoting Code § 1-239). This Court determined, however, that the remedy prong of Code § 4.1-1302(A) is limited by the unambiguous language restricting its application to violations of the search prohibition, and that statutory prohibition could not be violated prior to the statute's enactment.

*Id.* at \_\_\_. "Consequently, based on the express language of the statute, it is impossible, and therefore not 'practicable' as that term is used in Code § 1-239, to apply the exclusionary provision (the remedy prong) of Code § 4.1-1302(A) in this case." *Id.* at \_\_\_ (citing *Montgomery*, 75 Va. App. at 199).

*Street* and *Montgomery* are controlling in Hicks' appeal due to the interpanel accord doctrine. *See White v. Commonwealth*, 67 Va. App. 599, 612 n.7 (2017). "A holding by one panel of the Court of Appeals of Virginia 'bind[s] all other three-judge panels under the interpanel accord doctrine.'" *Id.* (quoting *Startin v. Commonwealth*, 56 Va. App. 26, 39 n.3 (2010) (*en banc*)). A decision of one panel protected by the interpanel accord doctrine cannot be overruled except by the Court of Appeals sitting *en banc* or by the Supreme Court of Virginia. *Id.* (quoting *Congdon v. Congdon*, 40 Va. App. 255, 265 (2003)).

The facts of the present case are strikingly similar to those in *Street*. In this case, as in *Street*, Hicks was pulled over for a traffic infraction. While he was stopped, the officer smelled marijuana, which was illegal at the time, and the officer searched Hicks' vehicle to find the source of the odor.[3] As in *Street*, the officer found a firearm in Hicks' vehicle, which Hicks was barred from possessing due to his earlier conviction for an offense that would have been a felony if committed by an adult. Like the defendant in *Street*, Hicks signed a conditional guilty plea that preserved his right to appeal the circuit court's denial of his motion. Additionally, as in *Street*, Hicks' sole assignment of error asserts that the circuit court erred by refusing to

---

[3] Code § 18.2-250.1 criminalized simple possession of marijuana until July 1, 2020, when it became a civil offense. 2020 Va. Acts. ch. 1285. Hicks was pulled over and his vehicle searched on April 25, 2019, when a conviction of possession of marijuana was still a criminal misdemeanor offense. *See* Code § 18.2-250.1 ("It is unlawful for any person knowingly or intentionally to possess marijuana . . . [a]ny person who violates this section is guilty of a misdemeanor and . . . a second or subsequent conviction of a violation of this section[] is . . . a Class 1 misdemeanor.").

retroactively apply Code § 4.1-1302(A) and allowing the firearm found during the police search to be admitted.

In sum, the issue presented in Hicks' case is indistinguishable from the issue presented in *Street v. Commonwealth*, and it is very similar to the statutory interpretation issue in *Montgomery v. Commonwealth*. When the search of Hicks' vehicle took place in 2019, that search "did not and could not violate the nonexistent statute." *Street*, ___ Va. App. at ___. Consequently, the exclusionary remedy found in Code § 4.1-1302(A) is limited by the right that new statute created, and because there was no right to be free from a marijuana-based search in 2019, the firearm found in Hicks' car was admissible as evidence. Pursuant to *Street's* holding, the exclusionary provision of Code § 4.1-1302(A) did not entitle Hicks, whose vehicle was searched prior to the enactment of that statute, to have the evidence from the search excluded because the statute does not apply retroactively to the time of the search. Additionally, Hicks' argument that Code § 4.1-1302(A) is purely procedural and should have barred admission of the evidence is precluded by *Street's* explicit holding that the same statute is *not* purely procedural within the meaning of Code § 1-239.

## III. CONCLUSION

For the reasons stated above, the circuit court did not err by denying Hicks' motion *in limine* to exclude the evidence.

*Affirmed.*